IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 24 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| CHARLES ELLIOT HILL II,<br>Movant, | CIVIL ACTION NO.<br>2:15-CV-23-RWS |
| v. | CRIMINAL ACTION NO.<br>2:13-CR-51-RWS-JCF-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## ORDER

Movant, while a federal prisoner, filed a counseled 28 U.S.C. § 2255 motion to vacate his sentence ("Motion") (Doc. 26) and a motion to amend (Doc. 53). The Final Report and Recommendation of Magistrate Judge J. Clay Fuller ("R&R") recommends denying both motions. (Doc. 58). Movant objects. (Doc. 60 ("Objs.")).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988))

(internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Movant pled guilty to hiding assets from his bankruptcy estate, and on March 11, 2014, he received a 24-month sentence, based on this Court's conclusion that he had hidden $180,000 in assets. He did not file a direct appeal. (R&R at 1-6).

In his original Motion, he raises two claims of ineffective assistance of counsel, alleging that (1) his plea was involuntary due to counsel's deficient performance, and counsel refused to seek withdrawal of his plea upon his request; and (2) counsel performed deficiently at his sentencing hearing. (*See id.* at 6-7 (quoting Motion at 4, 5)). Movant has withdrawn his sentencing claim (*see id.* at 16-17), but on May 6, 2016, he sought to amend his Motion, to add a claim that his counsel failed to file a

notice of appeal upon his request (*id.* at 7-8).

I. **The Motion to Amend**

The Magistrate Judge has concluded that Movant may not take advantage of the relation back provision of FED. R. CIV. P. 15, and therefore recommends that the proposed amendment be dismissed as untimely under the one-year limitations period that applies here:

> [T]here is no common core of operative facts linking Movant's original § 2255 claims — with respect to counsel's performance regarding the entry or possible withdrawal of Movant's guilty plea, and during sentencing — . . . and Movant's proposed amendment, otherwise untimely, with respect to counsel's alleged failure to file a notice of appeal in compliance with Movant's request *after* he had been sentenced.

(R&R at 13-14; *see id.* at 10-13); *see also McLean v. United States*, No. 04-13534, 2005 U.S. App. LEXIS 19546, at *4-5 (11th Cir. Sept. 8, 2005) ("Relation back . . . is only allowable when the claims added by amendment *arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes.*" (emphasis added) (citation and internal quotations omitted)).

Movant objects that his appeal claim is part of the same transaction or occurrence as his plea and sentencing claims, but he relies for support for this

3

proposition on the two-Justice dissent in the same Supreme Court case upon whose majority opinion the Magistrate Judge relies to demonstrate, convincingly, that Movant's proposed amendment concerns a matter that is *not* part of the same transaction or occurrence as either of his original two claims. (Objs. at 3 (citing *Mayle v. Felix*, 545 U.S. 644, 670-71 (2005) (Souter, J., dissenting))); *see* R&R at 10-13); *see also Copper v. United States*, 1:02-CR-0377-JEC-GGB-3, 2012 U.S. Dist. LEXIS 190115, at *12 (N.D. Ga. Oct. 17, 2012) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance [claim] in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (internal quotations omitted)), *adopted by* 2014 U.S. Dist. LEXIS 58362 (N.D. Ga. Apr. 26, 2014); *Harden v. United States*, CV 310-064, 2011 U.S. Dist. LEXIS 98237, at *14 (S.D. Ga. July 29) ("As Petitioner points out, his first and second proposed claims from his motion to amend, like his original claim, are premised on the allegedly ineffective assistance of his trial counsel. [But] this similarity speaks only to whether the claims are of a similar type in terms of their <u>legal</u> basis, whereas, in addressing the issue of relation back, the key factor is whether the amended claims arise from the same underlying <u>facts</u> as the original claims." (internal quotations omitted)), *adopted*

4

*by* 2011 U.S. Dist. LEXIS 98209 (S.D. Ga. Aug. 2, 2011).

Movant notes that his original Motion was accompanied by his sworn Declaration, containing 55 numbered paragraphs, the last of which states, "Immediately [after] the Court's imposition of sentence, I asked [counsel] if he would appeal the sentence. [Counsel] stated to me, in effect, that if I appealed, the Court would re-sentence me to an even greater period of imprisonment." (Objs. at 4, 5; *see* Doc. 26-2 at 11, Decl. ¶ 55). Movant argues that

> the Court possessed ample discretion to consider [his] timely filed Declaration and averments in determining his alleged grounds to vacate or set aside his conviction. In view of these facts, granting [his] Motion to Amend was in the interest of justice, pursuant to Rule 15. The Report correctly notes the fact that, following the hearing, both [he] and the government briefed the issue of counsel's consultation with [him] regarding an appeal and counsel's failure to file an appeal.

(Objs. at 5-6; *see id.* at 6 ("Through his Declaration attached to his Motion to Vacate, counsel's consultation with [him] regarding an appeal was part of the core of facts of [his] original claims, and the Court possessed discretion to consider the ground and should grant leave to amend the petition.")).

Movant cites a Third Circuit case for the proposition that his "proposed additional claim related to counsel's effectiveness and therefore was not different in 'type' " from his original claims. (Objs. at 7). But in that case, the Third Circuit

5

stated that "the facts undergirding [movant's] ineffective assistance claim differ in neither type nor time from those supporting his [timely] right-to-appeal claim: both concern the erroneous advice that [his] counsel provided about the filing deadline for the appeal." *Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009). Those similarities in time and type do not apply here unless the Court construes the single paragraph in Movant's Declaration to constitute a timely claim, to which his amendment could properly relate back. Movant argues that it does. (*See* Objs. at 3 (quoting *Ciccotto v. United States*, 613 Fed. Appx. 855, 859 (11th Cir. 2015) ("When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. That is, one may amend a claim to fill in facts missing from the original claim." (citations and internal quotations omitted) (quoting *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002))))).

But, unlike here, the original *pro se* motion to vacate in *Ciccotto* contained an actual claim to which the untimely amended claim could relate back — "[l]ike the original claim, claim 11 [in the otherwise untimely amendment] asserts that [movant's] sentence was unduly harsh given the existence of various mitigating circumstances; that is, the nature of the amended claim supports specifically the original claim."

6

*Ciccotto*, 613 Fed. Appx. at 859 (internal quotations omitted); *but see id.* (denying relation back on other claims that movant did not raise in his original *pro se* motion to vacate — "the competency related claims in [movant's] amended motion do not relate back to [his] initial motion" because "[n]owhere in any of the four [original] grounds is there any suggestion that [he] was actually incompetent to stand trial or sufficiently close to incompetence such that an evaluation would be necessary").

As noted above, in the counseled 28 U.S.C. § 2255 motion form that Movant filed, there is no reference to counsel's failure to file a notice of appeal. Nor is there any mention of such a claim in his counseled brief in support of his Motion, in which he sums up his "grounds to vacate or set aside [his] plea and sentence" as follows:

> [His] counsel was ineffective in advising [him] to enter a guilty plea, in failing to attempt to withdraw [his] guilty plea, and in failing to obtain exculpatory evidence in his case. But for counsel's deficiencies, [he] would not have pled guilty and would have elected to go to trial. [His] counsel was also ineffective at sentencing for failing to object to the Government's failure to prove the amount of loss attributable to [him] with reliable and specific evidence, for failing to object to the Court's failure to make factual findings regarding the amount of loss attributable to [him], and for failing to secure the testimony of important witnesses and other errors. As a result of counsel's errors, [he] received an increased sentence and was prejudiced. [His] conviction and/or sentence should be vacated or set aside.

(Doc. 26-1 at 7-8).

Despite this lack, there was testimony at the evidentiary hearing about whether Movant asked his counsel to file an appeal. Movant testified on cross-examination:

> Q. You didn't ever tell [counsel] to file an appeal, did you?
>
> A. I asked him that I wanted him to do an appeal. When I saw how horribly wrong it was going, I did, I asked him is there still time, could we withdraw this and file -- when it was over with are you asking me now?
>
> Q. After you had the discussion with [counsel] about whether or not an appeal was possible, at the conclusion of that discussion did you ever say to him okay, please go file an appeal?
>
> A. I want to file an appeal. After Judge O'Kelley had sentenced me and all like that, that's when we went out and we went right up there, that's when I told him that I want to withdraw this and could we file an appeal of this, and he said he didn't think that there would be time and that I would get a larger sentence if I did that, and he said that would be a bad idea, you don't want to do that.
>
> Q. So, again, at the conclusion of that discussion, did you ask [counsel] then to file an appeal?
>
> A. I did the first time but not the second after he told me that.

(Doc. 46 at 87-88). Later, counsel testified as follows:

> Q. Okay. After the sentencing hearing, did [Movant] ever discuss with you whether he should appeal his conviction or sentence?
>
> A. I think we had one or two follow-up either phone calls or emails where he might have asked could he appeal it. I don't recall specifically. I probably told him the same thing I told him earlier is you can, it's going

8

to be very difficult, and you need to think about it before choosing that path, but we were never retained to do that or asked to do it. We might have had a conversation about it, though.

Q. So [Movant] never instructed you to file an appeal on his behalf?

A. He did not, no.

(*Id.* at 183-84). The parties argued this issue in their post-hearing briefs, and the government did not contend that a claim regarding counsel's failure to file a notice of appeal was not properly before the Court. (*See* R&R at 8 & n.1).

But the foregoing testimony at the evidentiary hearing in December 2015 and the briefing that followed in early 2016 (*see* R&R at 1, 6) came too late to constitute a timely claim regarding counsel's failure to file a notice of appeal. In sum, there is simply no claim in Movant's original Motion to which his amended claim properly relates back. Movant's objections to the Magistrate Judge's recommendation to deny his motion to amend are therefore **OVERRULED**.

## II. Movant's Guilty Plea Claims

### A. Entry of the Plea

Movant objects to the Magistrate Judge's conclusions that (1) his counsel's evidentiary hearing testimony was more consistent and credible than his own (Objs. at 8-11) and (2) his plea was knowing and voluntary, inasmuch as his "remark during

9

the evidentiary hearing that he voluntarily entered his plea of guilty 'at the time' he entered it does not preclude the fact that he was subject to considerable pressures and inducements to enter a plea of guilty" (*id.* at 13; *see id.* at 11-14). Movant argues that his plea "was not fully voluntary" because "counsel was ineffective in pressuring him to enter a guilty plea, and in misrepresenting the probable sentence that [he] would receive." (*Id.* at 14).

The Magistrate Judge has thoroughly analyzed these contentions, and the Court agrees with the well-reasoned analysis in the R&R:

> Notwithstanding Movant's credibility issues, it is apparent from his Plea Agreement and his testimony at the plea hearing that he fully understood the basis for, and the consequences of, his guilty plea, and in particular the inability of anyone, including his own counsel, to predict his ultimate sentence; and that, even with this knowledge, he pled guilty voluntarily, without coercion or misconception. And when asked by his post-conviction attorney at the evidentiary hearing whether he entered his plea voluntarily, Movant replied that he did. (Doc. 46 at 77).
>
> The Court credits plea counsel's testimony that he and Movant often discussed Movant's reservations about pleading guilty, but each time, after reviewing his options, Movant decided to proceed with his guilty plea. . . . The Court also credits counsel's testimony that, although he was optimistic for a better outcome, he never suggested to Movant that a sentence without incarceration was probable, much less a near certainty, as Movant has stated in his own testimony.
> . . . .
> Movant's first ground for § 2255 relief boils down to his dissatisfaction with the outcome of his sentencing. [] Movant testified at the evidentiary

10

> hearing that his plea, although voluntary at the time, [] was not knowing because he did not know the consequences of his plea. (*See* Doc. 46 at 78 ("Q. Do you feel like your guilty plea was made knowingly, and knowingly meaning knowing the consequences of entering a guilty plea? A. *No, not with what I ended up with.* Q. So in terms of the consequence of your punishment, you don't feel it was knowing? A. No. Q. And that's based on what [counsel] told you? A. That's on what he told me and how we were proceeding." (emphasis added))).
>
> But Movant, who never previously expressed a desire to proceed to trial to anyone except his counsel and other members of his defense team — and each time, after doing so, made the decision to proceed with his guilty plea — cannot now claim ineffective assistance of counsel because he is dissatisfied with his sentence. It is only in hindsight, after receiving his sentence, that Movant has expressed his dissatisfaction with the performance of his plea counsel. This belated challenge to the effectiveness of counsel's assistance is insufficient to overcome Movant's "[s]olemn declarations in open court," *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977), that he understood the sentencing consequence of his plea, including a possible term of imprisonment of five years (*see* Doc. 31-1 at 21-23), and that he was satisfied with counsel's performance (*see id.* at 10). His first ground for relief fails.

(R&R at 24-25, 26-27 (citations altered or omitted); *see id.* at 21-26).

The Court finds Movant's objection to the Magistrate Judge's credibility determination to be especially frivolous. Movant has demonstrated on more than one occasion that he simply is not a credible witness. At the resumption of his sentencing hearing, Judge O'Kelley opined with regard to his testimony at the initial hearing that "if it wasn't an outright perjury testimony, it certainly was misleading the court." (*See*

11

R&R at 6 (citing Doc. 31-3 at 27)). And Movant's attempt to explain the discrepancy in his plea hearing and evidentiary hearing testimony regarding whether he had reviewed his plea agreement with counsel before entering his plea falls completely flat. In his objections, Movant states:

> During the evidentiary hearing December 15, 2015, [he] testified that counsel showed him the Plea Agreement at the plea hearing, and that he did not go through the document before the hearing. [He] stated that counsel for the government was the first person who showed him the Plea Agreement, and that counsel "went through it" and showed him where to sign. [He] stated that his counsel did not sit down with him and explain the provisions in the Plea Agreement before he was asked to sign it. [His] testimony during the evidentiary hearing was not plainly inconsistent at all with his answer of yes to the question by the prosecutor during the plea hearing "HAVE YOU REVIEWED THESE DOCUMENTS TODAY WITH YOUR ATTORNEY?" On the contrary, [he] consistently stated that the plea hearing on December 12, 2013, was the first time he had an opportunity to see the Plea Agreement.

(Objs. at 9-10 (citations omitted)).

In fact, Movant testified at the very beginning of his plea hearing in December 2013 that he had already reviewed his plea agreement with his counsel. (Doc. 31-1 at 5). And later, he answered, "Yes, Sir," when the Magistrate Judge asked him, "Did you also have an opportunity to read [the plea agreement] and discuss [it] with your lawyer before you signed it?" (*Id.* at 16). But at his evidentiary hearing in December 2015, Movant testified that his counsel had never reviewed the agreement with him,

12

and that "it was Russell [Phillips, the government prosecutor, who] was doing that in front of Judge Fuller." (Doc. 46 at 40). He testified further at that hearing:

> Q. All right. On page number 5, at the bottom, Mr. Phillips, the Assistant U.S. Attorney [("AUSA")] Russell Phillips, he asked you [at the plea hearing] if you've reviewed [the plea agreement] with your attorney, and you say yes, sir; is that correct?
>
> A. Yes, we went through it, you know, just kind of right there with Russell and them when I was standing up there, kind of went over that.

(Doc. 46 at 44, 45). It is clear from these excerpts that when Movant testified at the evidentiary hearing, he changed the account he had given at his plea hearing concerning the assistance he received from counsel regarding his plea agreement. To paraphrase this Court's assessment of Movant's sentencing hearing testimony, this change might not be perjury, but it certainly was misleading the Court.

And given Movant's educational attainment and business background, the Court places little credence in his suggestion that his counsel intimidated him into silence at the plea hearing to hide counsel's failure to advise him properly. (*See* Objs. at 12-14). Indeed, at the hearing, after the prosecutor recited the facts the government would be able to prove at trial, Movant spoke out to Judge Fuller that he did not agree with the government's calculation of the amount of funds he allegedly concealed. (Doc. 31-1 at 26).

13

For these reasons, Movant's objections to the Magistrate Judge's recommendation to deny his claim of ineffective assistance of counsel with respect to the entry of his guilty plea are **OVERRULED.**

### B.   Withdrawal of the Plea

Finally, Movant objects to the Magistrate Judge's conclusion that, to the extent counsel's failure to seek withdrawal of the guilty plea constituted deficient performance, Movant was not prejudiced thereby because he could not provide a fair and just reason for withdrawing his plea.[1] (Objs. at 15-18; *see* R&R at 30-32). He asserts, "[Counsel] was ineffective in failing to take action to withdraw the guilty plea

---

[1] "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of the circumstances, including: (1) availability of the close assistance of counsel; (2) knowing and voluntary plea; (3) conservation of judicial resources; and (4) potential for prejudice to the government upon withdrawal of the plea. If an appellant does not satisfy the first two factors of this analysis, [the court] need not thoroughly analyze the remaining factors." *United States v. Solarte*, 636 Fed. Appx. 511, 512 (11th Cir. 2016) (citation omitted); *see id.* at 513 ("The record supports that [appellant's] plea was given knowingly and voluntarily and that he received the close assistance of counsel throughout the proceedings. The court conducted a thorough plea hearing, during which [appellant] testified that he was competent, aware of the charges, and aware of the consequences of his guilty plea. [Appellant] also testified that his plea was not coerced or forced." (citation omitted)); *see id.* (because of the foregoing factors, appellant "failed to show there were fair and just reasons for the court to allow him to withdraw his guilty plea").

prior to [his] sentencing. [Counsel] was admittedly aware that [Movant] possessed an interest in withdrawing the plea. [Movant] maintained that he inquired several times into withdrawal of the plea." (Objs. at 17). Movant also contends that a fair and just ground existed for withdrawing his plea because the plea was not voluntary and "withdrawal of the plea prior to sentencing would not have unduly expended judicial resources, and would not have prejudiced the government." (*Id.*).

But, as noted above, after a *de novo* review of the record evidence, the arguments of the parties and the Magistrate Judge's R&R, the Court has concluded that Movant's plea *was* voluntary. And, as the Magistrate Judge explains:

> Movant has not provided any evidence, aside from his own after-the-fact testimony, that he actually instructed counsel to withdraw his guilty plea or that he would have withdrawn it, just as he has provided no evidence, other than his own testimony — which has been shown to be unreliable, as discussed above — that he would have foregone the opportunity to plead guilty in the first place and would have gone to trial instead. Indeed, Movant acknowledged at the evidentiary hearing that if he ever instructed counsel to withdraw his plea, he did so "just the first time, and then when he told me that they would sentence me to more time, I didn't restate it again." (Doc. 46 at 87).

(R&R at 31 (citation altered)). Because Movant had the close assistance of counsel prior to entering his plea, and his plea was knowing and voluntary, he has not shown a "fair and just reason" for the Court to allow him to withdraw his guilty plea. *See*

15

*Solarte*, 636 Fed. Appx. at 512. His objections to the Magistrate Judge's recommendation that his claim of ineffective assistance of counsel for not seeking to withdraw his plea are also **OVERRULED**.

## III. Conclusion

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 58) as the Opinion and Order of this Court; **DISMISSES as moot** the government's motion to dismiss the § 2255 motion based on Movant's appeal waiver (Doc. 28); **DENIES** Movant's motion to amend his § 2255 motion (Doc. 53); **DENIES** Movant's 28 U.S.C. § 2255 motion (Doc. 26); and **DENIES** Movant a certificate of appealability.

**SO ORDERED** this 24th day of July, 2017.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE